

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10089 | **DATE** | 6/14/2013 |
| **CASE TITLE** | Walgreen Co. Vs. Networks - USA XVII Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiff's Second Amended Complaint [5] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendants Networks - USA XVII, Inc. and Netorks USA, Inc.'s (collectively, "Defendants") motion to dismiss Plaintiff Walgreen Co.'s ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion is denied.

In this tenant-landlord declaratory judgment action, Plaintiff asks the Court to interpret the terms of its lease with Central Plaza Central Ltd., which was assigned to Networks - USA XVII, Inc. (the "St. Petersburg lease"), and a subsequent agreement between a third-party and Networks - USA XVII, Inc. (the "third-party agreement"). Plaintiff alleges that Defendants are obligated to paint the exterior of Walgreens #2665 under the terms of the St. Petersburg lease requiring the landlord to "maintain and make all repairs to the exterior." Second Am. Compl. Ex. 1, ¶ 11(a). Plaintiff further alleges that it is not bound by the third-party agreement requiring common area maintenance payments for, *inter alia*, storm water management, parking lot lighting, and the lawn sprinkler system servicing Walgreens #2665 and the adjoining property. Plaintiff seeks a declaration: (1) that it properly exercised its rights under the St. Petersburg lease by employing the self-help provision to maintain and paint the exterior of Walgreens #2665 on May 20, 2008, and by deducting the cost of the paint job from its December 2009 rent; (2) that it is not bound by the third-party agreement; (3) that it is only obligated under the St. Petersburg lease to reimburse Defendants for any well-documented common area maintenance payments related to Walgreens #2665; (4) that it is not in breach of the St. Petersburg Lease; and (5) that under the terms of the lease it is entitled to reasonable attorney fees and court costs.

Defendants challenge the Court's subject matter jurisdiction under Rule 12(b)(1) as a factual matter, arguing that the amount in controversy does not exceed $75,000 as required under 28 U.S.C. § 1332. "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938)); see also Grinnell Mut. Reinsurance Co. v. Haight, 697 F.3d 582, 585 (7th Cir. 2012). "The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to

win or be awarded everything he seeks." <u>Grinnell Mut. Reinsurance Co.</u>, 697 F.3d at 585 (internal quotation marks and citation omitted).

The Court is satisfied that more than $75,000 is at stake. The Court notes that in a similar case between Plaintiff and Defendants (relating to a nearly identical lease in Tennesse), the court concluded that "the expense that Defendant will bear if it is held responsible for painting the Plaintiff's store over the life of the lease exceeds $75,000." <u>Walgreen Co. V. Networks - USA XVII Inc.</u>, No. 12 C 10090 (N.D. Ill. May 29, 2013) (Doc. No. 26). Here, the amount in controversy includes not only the cost of painting Walgreens #2665 over the remaining thirty years of the St. Petersburg lease, but also common area maintenance payments for, *inter alia*, storm water management, parking lot lighting, and the lawn sprinkler system. Moreover, where, as here, reasonable attorney fees and court costs are "sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to 'costs' or 'fees' incurred in the litigation, they are considered part of the amount in controversy." <u>El v. AmeriCredit Fin. Servs., Inc.</u>, 710 F.3d 748, 753 (7th Cir. 2013) (citations omitted). Accordingly, it is not "'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 543 (7th Cir. 2006). Defendants' motion is therefore denied.

IT IS SO ORDERED.